UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

NICHOLAS POFF,

    Plaintiff,

v.

WYNNE BUILDING CORPORATION,

    Defendant.

## COMPLAINT

Plaintiff, NICHOLAS POFF ("Plaintiff"), hereby sues Defendant, WYNNE BUILDING CORPORATION ("Defendant"), for damages arising from the Defendant's violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA")[1]. In support of this Complaint, Plaintiff states as follows:

## PARTIES

1. Plaintiff is an adult resident of Indian River County, Florida, who was an employee of Defendant corporation at all relevant times, performing work in St. Lucie County, Florida.

2. Defendant is a Florida Profit Corporation doing business in St. Lucie County, Florida, with an office located at 8000 South US 1, Suite 402, Port Saint Lucie, Florida 34952.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2617.

---

[1] Plaintiff intends to move to amend this complaint once the EEOC issues a right to sue on Plaintiff's charge of discrimination.

4. Venue is appropriate in this Court as Defendant maintains an office in St. Lucie County, Florida; all acts and/or omissions at issue in this Complaint occurred in St. Lucie County, Florida; and Plaintiff performed work for Defendant in St. Lucie County, Florida.

**FACTUAL ALLEGATIONS**

5. At all times material, the Plaintiff was employed by the Defendant as an underground utility worker from on or about April 2, 2021, until his wrongful termination on or about June 30, 2022.

6. On or about May 26, 2022, Plaintiff suffered a seizure, causing him to pass out and bang his head, causing a brain hemorrhage and a fractured neck and spine, as well as other significant injuries to his neck, head, back, spine, left elbow, and ribs, which caused significant trauma and disabling conditions, including memory issues, sinus/eye pressure, and severe migraines.

7. Plaintiff, through his wife, Tamra Poff ("Plaintiff's wife"), contacted Defendant and informed Defendant of Plaintiff's severe injury, as Plaintiff himself was in too severe of a condition to communicate with Defendant.

8. Plaintiff's wife inquired with Defendant regarding FMLA leave, and Defendant's Human Resources (HR) Coordinator, Oscar Rodriguez ("Rodriguez"), forwarded the FMLA paperwork for Plaintiff to fill out.

9. On or about June 1, 2022, Plaintiff's wife returned the FMLA paperwork to Rodriguez, indicating that Plaintiff would need the maximum amount of leave time he could get to assess his condition, treat, and recover.

10. Plaintiff's wife followed up with Rodriguez on or about June 1, 2022, regarding questions she and Plaintiff did not understand about how FMLA leave works, and Rodriguez responded on or about June 2, 2022 answering Plaintiff's wife's questions.

11. It was at this point Plaintiff and his wife understood that Plaintiff was indeed approved for FMLA benefits.

12. On or about June 23, 2022, Rodriguez emailed Plaintiff's wife informing her that Plaintiff was indeed approved for FMLA leave from June 3, 2022, through September 2, 2022, as that would be the maximum duration available for leave under the FMLA, and that the Defendant would process everything for Plaintiff. At no point did Plaintiff or his wife understand that the FMLA was pending, denied, or anything else besides being approved, and at no point did Rodriguez tell Plaintiff or Plaintiff's wife that further items or correspondence was necessary for the FMLA to be approved and or commenced.

13. Suddenly, and without warning, Plaintiff was terminated on or about June 30, 2022. Plaintiff discovered this because he was going to go to his first doctor's appointment under his company-provided medical insurance, but was informed that his insurance had been lost. Plaintiff's wife later communicated with Rodriguez about what was going on, and Rodriguez only then stated for the first time that Plaintiff's FMLA leave was pending in late June of 2022, which is simply false.

14. All conditions precedent to bringing this action have occurred, been performed or been excused.

15. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: INTERFERENCE (TERMINATION) – FMLA

16. Plaintiff repeats and re-alleges paragraphs 1 – 15 above as if fully stated herein.

17. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

18. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

19. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

20. The Plaintiff was entitled to the FMLA leave because he had an FMLA-qualifying reason. Specifically, the Plaintiff has a serious health condition.

21. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

22. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

23. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of his qualifying reason and communicating with Defendant regarding his medical condition.

24. The Plaintiff provided enough information for the Defendant to know that his potential leave may be covered by the FMLA.

25. The Defendant was aware of the Plaintiff's qualifying reason.

26. The Defendant had approved Plaintiff's FMLA and Plaintiff had already begun his approved FMLA leave when Defendant terminated Plaintiff for no cause.

27. Despite its knowledge of the Plaintiff's qualifying medical condition, the Defendant terminated the Plaintiff for no cause.

28. When the Defendant terminated the Plaintiff's employment, the Defendant interfered with the Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on Defendant's conduct;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: RETALIATION (FMLA)

29. The Plaintiff repeats and re-alleges paragraphs 1 – 15 as if fully stated herein.

30. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

31. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

32. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

33. The Plaintiff was entitled to the FMLA leave because he had an FMLA-qualifying reason. Specifically, the Plaintiff has a serious health condition.

34. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

35. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

36. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of his qualifying reason and communicating with the Defendant regarding his medical condition.

37. The Plaintiff provided enough information for the Defendant to know that his potential leave may be covered by the FMLA.

38. The Defendant was aware of the Plaintiff's qualifying reason.

39. The Defendant approved Plaintiff to take FMLA leave and Plaintiff in fact began to take FMLA leave.

40. Despite its knowledge of the Plaintiff's medical condition, the Defendant terminated the Plaintiff for no cause other than to retaliate against him for his known medical condition and for attempting to exercise his rights.

41. The Defendant terminated the Plaintiff following him commencing his taking and requesting leave that was FMLA-eligible and approved.

42. The Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for having taken and requesting leave.

43. The Plaintiff's request for medical leave was a direct and proximate cause of his termination from her employment with the Defendant.

44. The effect of the practice complained of above has been to deprive the Plaintiff of equal employment opportunities and, in fact, her employment, because of such complaint.

45. As a direct and proximate result of the intentional violations by the Defendant of the Plaintiff's rights under the FMLA, by retaliating against him by terminating her employment for requesting and taking leave due to a serious medical condition, which was FMLA-eligible leave, the Plaintiff has been damaged in that the Plaintiff lost, *inter alia*, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on the Defendant's conduct;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury on all issues and counts presented in this Complaint.

Dated: June 2, 2023.

        Respectfully submitted,

        By: /s/ Max L. Horowitz
        Max L. Horowitz, Esquire
        Fla. Bar No.: 118269
        Email: max@saenzanderson.com
        R. Martin Saenz, Esquire
        Fla. Bar No.: 0640166
        Email: msaenz@saenzanderson.com

        SAENZ & ANDERSON, PLLC
        20900 NE 30th Avenue, Ste. 800
        Aventura, Florida 33180
        Telephone: (305) 503-5131
        Facsimile: (888) 270-5549
        *Counsel for Plaintiff*