**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 2:23-cv-14162-AMC**

NICHOLAS POFF,

      Plaintiff,

vs.

WYNN BUILDING CORPORATION,

      Defendant.

_____/

## ANSWER TO AMENDED COMPLAINT

COMES NOW Lowell J. Kuvin, Esq. of the Law Office of Lowell J. Kuvin, LLC, on behalf of WYNN BUILDING CORPORATION and files it Answer and Affirmative Defenses to Plaintiff's Amended Complaint and states the following:

### PARTIES

1. Unknown, therefore, Denied.

2. Admitted.

### JURISDICTION AND VENUE

3. Admitted for jurisdiction purposes only.

4. Admitted.

### FACTUAL ALLEGATIONS

5. Admitted plaintiff was an employee of the Defendant. Denied Plaintiff was "wrongful[ly] terminated."

6. Unknown, therefore, denied.

7. Admitted Plaintiff contacted Defendant regarding his injuries. Unknown if Plaintiff was unable to communicate with Defendant, therefore, Denied.

8.   Unknown whether it was Plaintiff's wife who contacted Defendant, therefore, Denied. Admitted Defendant was contacted and the Defendant forwarded "the FMLA paperwork for Plaintiff to fill out."

9.   Denied.

10. Denied.

11. Unknown what "Plaintiff and his wife understood," therefore, Denied.

12. Denied.

13. Denied.

14. Denied.

15. Unknown, therefore, Denied.

## COUNT I – INTERFERENCE (TERMINATION) - FMLA

16. Defendant restates its responses from paragraphs 1-15 above as if fully stated herein.

17. Denied.

18. Admitted.

19. Admitted.

20. Denied.

21. Admitted.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**WHEREFORE**, Defendant prays as follows:

a) That Plaintiff recover nothing by way of this action;

b) That Defendant be awarded their taxable costs of suit incurred herein, including an award of attorney's fees should the Court determine such award be appropriate; and

c) Such other relief as the Court may deem just and proper.

## COUNT II – RETALIATION (FMLA)

29. Defendant restates its responses from paragraphs 1-15 above as if fully stated herein.

30. Denied.

31. Admitted.

32. Admitted.

33. Admitted.

34. Denied.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

**WHEREFORE**, Defendant prays as follows:

a)   That Plaintiff recover nothing by way of this action;

b)   That Defendant be awarded their taxable costs of suit incurred herein, including an award

of attorney's fees should the Court determine such award be appropriate; and

c)   Such other relief as the Court may deem just and proper.

## COUNT III – ADA DISCRIMINATION (TERMINATION)

46. Defendant restates its responses from paragraphs 1-15 above as if fully stated herein.

47. Admitted.

48. Admitted.

49. Denied.

50. Denied.

51. Admitted.

52. Unknown, therefore, Denied.

53. Unknown, therefore, Denied.

54. Unknown, therefore, Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**WHEREFORE**, Defendant prays as follows:

a) That Plaintiff recover nothing by way of this action;

b) That Defendant be awarded their taxable costs of suit incurred herein, including an award

of attorney's fees should the Court determine such award be appropriate; and

c) Such other relief as the Court may deem just and proper.

**COUNT IV – ADA DISCRIMINATION**
**(FAILURE TO ACCOMMODATE)**
**AFFIRMATIVE DEFENSES**

60. Defendant restates its responses from paragraphs 1-15 above as if fully stated herein.

61. Admitted.

62. Admitted.

63. Denied.

64. Denied.

65. Denied.

66. Unknown, therefore, Denied.

67. Unknown, therefore, Denied.

68. Unknown, therefore, Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**WHEREFORE**, Defendant prays as follows:

a)   That Plaintiff recover nothing by way of this action;

b)   That Defendant be awarded their taxable costs of suit incurred herein, including an award

of attorney's fees should the Court determine such award be appropriate; and

c)   Such other relief as the Court may deem just and proper.

## COUNT V – FRCA HANDICAP DISCRIMINATION TERMINATION

79. Defendant restates its responses from paragraphs 1-15 above as if fully stated herein.

80. Admitted.

81. Denied.

82. Admitted.

83. Denied.

84. Denied.

85. Denied.

86. Unknown, therefore, Denied.

87. Unknown, therefore, Denied.

88. Unknown, therefore, Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

**WHEREFORE**, Defendant prays as follows:

a)  That Plaintiff recover nothing by way of this action;

b)  That Defendant be awarded their taxable costs of suit incurred herein, including an award of attorney's fees should the Court determine such award be appropriate; and

c)  Such other relief as the Court may deem just and proper.

<u>COUNT VI – FCRA HANDICAP DISCRIMINATION</u>
<u>FAILURE TO ACCOMMODATE</u>

95. Defendant restates its responses from paragraphs 1-15 above as if fully stated herein.

96. Admitted.

97. Denied.

98. Admitted.

99. Denied.

100.  Denied.

101.  Denied.

102.  Denied.

103.  Unknown, therefore, Denied.

104.  Unknown, therefore, Denied.

105.  Unknown, therefore, Denied.

106.  Denied.

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.

**WHEREFORE**, Defendant prays as follows:

a)  That Plaintiff recover nothing by way of this action;

b)  That Defendant be awarded their taxable costs of suit incurred herein, including an award

of attorney's fees should the Court determine such award be appropriate; and

c)  Such other relief as the Court may deem just and proper.

## COUNT VII – DISABILITY DISCRIMINATION (RETALIATION) – ADA

116.  Defendant restates its responses from paragraphs 1-15 above as if fully stated herein.

117.  Admitted.

118.  Admitted.

119.  Denied.

120.  Denied.

121.  Denied.

122.  Admitted.

123.  Denied.

124.  Denied.

125.  Denied.

126.  Denied.

127. Denied.

128. Denied.

129. Denied.

**WHEREFORE**, Defendant prays as follows:

a)  That Plaintiff recover nothing by way of this action;

b)  That Defendant be awarded their taxable costs of suit incurred herein, including an award

of attorney's fees should the Court determine such award be appropriate; and

c)  Such other relief as the Court may deem just and proper.

### <u>COUNT VIII – DISABILITY DISCRIMINATION (RETALIATION) – FCRA</u>

130. Defendant restates its responses from paragraphs 1-15 above as if fully stated herein.

131. Admitted.

132. Denied.

133. Admitted.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144.   Denied.

145.   Denied.

146.   Denied.

**WHEREFORE**, Defendant prays as follows:

a)   That Plaintiff recover nothing by way of this action;

b)   That Defendant be awarded their taxable costs of suit incurred herein, including an award of attorney's fees should the Court determine such award be appropriate; and

c)   Such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1.       As its **First Affirmative Defense**, Defendant asserts the doctrine of after-acquired evidence. In the event that additional evidence is discovered that would have supported any employment decision at issue in this lawsuit, any right of the plaintiff to relief shall be limited accordingly.

2.       As its **Second Affirmative Defense**, Defendant states that to the extent retaliatory acts were taken with respect to Plaintiff, which Defendant denies, Defendant had no knowledge of, nor acquiesced in, any such inappropriate conduct. Further, Defendant pleads, in the alternative and in response to any alleged evidence of interference or retaliation that may be produced by Plaintiff, any adverse employment actions and/or decisions taken with respect to Plaintiff would have occurred notwithstanding such alleged evidence of interference or retaliation, as well as any exercise of rights under the FMLA.

3.       As its **Third Affirmative Defense**, Defendant states it made good faith efforts to prevent any retaliatory conduct by any of its employees and exercised reasonable care to prevent and correct promptly any purported retaliatory behavior or any other improper treatment that

Plaintiff might encounter while in its employ. To the extent that Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, Defendant is not liable, and Plaintiff is barred from recovery. Any damages that Plaintiff may have suffered, which Defendant continues to deny, were the direct and proximate result of Plaintiff's own conduct, Plaintiff's failure to report or follow company policies requiring reporting of any alleged interference or retaliation, or Plaintiff's failure to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. Therefore, Defendant is not liable, and Plaintiff is barred from recovering any damages or other relief from Defendant.

4.     As its **Fourth Affirmative Defense**, Defendant states that to the extent that Plaintiff's claims are barred by the statute of limitations, he is not entitled to relief.

5.     As its **Fifth Affirmative Defense**, Defendant states that Plaintiff has an obligation to use reasonable diligence to mitigate his damages, including, but not limited to, seeking comparable employment elsewhere. To the extent that Plaintiff has earned income from employment, has not earned income due to his failure to use diligence in seeking or maintaining employment, or otherwise failed to mitigate damages, Defendant is not liable to Plaintiff for such sums that he did or could have earned.

6.     As its **Sixth Affirmative Defense**, Defendant states that any and all actions taken by Defendant with regard to Plaintiff were for legitimate, non-discriminatory reasons and Defendant has not willfully, intentionally, or with specific intent, violated any of Plaintiff's rights under any statute or provision under which Plaintiff's alleged causes of action could be brought. Indeed, Defendant acted with reasonable grounds for believing that its actions did not violate any laws. Defendant has neither taken nor ratified any action with discriminatory purpose or intent,

but rather has acted in good faith, has not authorized any action prohibited by law, has not committed any unlawful employment practice, or engaged in any unlawful conduct. Defendant's actions were justified and were the result of reasonable factors and bona fide occupational business requirements necessary to the performance of business functions.

7.      As it **Seventh Affirmative Defense**, Defendant states that Plaintiff's claims are barred to the extent any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused him harm, any such actions were committed outside the scope or course of their employment and without the consent, knowledge, or ratification of Defendant.

8.      As its **Eighth Affirmative Defense**, Defendant relies upon the doctrines of estoppel, or unclean hands in that Plaintiff caused to filed, under oath, a fraudulent worker's compensation claim.

9.      As its **Ninth Affirmative Defense**, Defendant states that Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of Plaintiff's Charge of Discrimination.

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer and Statement of Defenses to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate and with proper leave of the Court.

Respectfully submitted September 7, 2023,

By:    /s/ Lowell Kuvin
        Lowell Kuvin, Esq.

Florida Bar No.: 53072
lowell@kuvin.law
*Law Office of Lowell J. Kuvin, LLC*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 7, 2023 I caused a copy of the foregoing with

the Court's CM/ECF system which will automatically send a copy of the foregoing to all

registered counsel in this case.

By: ____/s/ Lowell Kuvin____
         Lowell Kuvin, Esq.